## CIRCUIT COURT OF ROANOKE COUNTY

The Harvard Drug Group

v.

Health Spectrum, Inc.

October 30, 2002

Case No. CL01-254

BY JUDGE ROBERT P. DOHERTY, JR.

A collections officer for Plaintiff drug manufacturer and distributor testified that it shipped numerous wholesale drug orders to Defendant pharmacy on open account, for which it was not paid. Defendant pharmacy's president testified that he did not receive the drug shipments that were billed to him. He further testified that because of his ongoing business relationship with Plaintiff, he did in fact pay a portion of the disputed charges in return for a promise from Plaintiff that it would forward proof of delivery of the drugs. Plaintiff was unable to provide proof of delivery because the documents were destroyed after eighteen months and were therefore not available. Defendant then refused to pay the alleged balance due. Plaintiff filed this lawsuit claiming that under § 8.2-606, Code of Virginia (1950), as amended, Defendant's acceptance of the goods was evidenced by its partial payment of the open account. Defendant disputes this theory, arguing instead that its payment was not intended to be acceptance of the goods, but was recognized by both parties as a condition precedent to the receipt of documentation of the proof of delivery. The Court agrees with the Defendant.

Plaintiff argues that by making its partial payment on the open account, Defendant acted in a manner "inconsistent with the seller's ownership...." as contemplated by § 8.2-606 and, therefore, accepted the goods. In its argument, Plaintiff equates delivery of goods with acceptance of goods. The two, however, are not the same. They are separate and independent concepts. Section 8.2-606 says that after delivery of the goods, the recipient is deemed to have accepted them if he takes any of the actions listed in the statute. That

is all that it says. Without proof of delivery, § 8.2-606 never comes into play. See *Langman v. Alumni Assoc. of the Univ. of Va.*, 247 Va. 491, 499 (1994), for a review of the common law concepts of delivery and acceptance, which has not been changed by the Uniform Commercial Code as adopted in Virginia. Section 8.2-507 also recognizes the distinction between delivery and acceptance of goods.

Instead of a question of law, the Court is faced only with a simple question of fact. Was there delivery of the drugs? If there was, then Defendant owes the whole amount requested. If there was not delivery, then Defendant is not indebted to the Plaintiff.

The Court finds, from the evidence presented *ore tenus*, that the Plaintiff failed to carry its burden of proof that delivery of the goods had occurred. Accordingly judgment shall be granted in favor of the Defendant.